UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN DOE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:25-cv-00289-DRL-SJF |
| | ) |
| NIKO TOMC, | ) |
| | ) |
| Defendant. | ) |

**JOHN DOE'S OBJECTION TO REMOVAL**

John Doe, by counsel, for his Objection to Removal, states:

**Facts[1]**

John Doe is 22 years old. Aff. at ¶2. He is currently a student studying in London, England. Aff. at ¶2. Plaintiff John Doe began living in London, England prior to the filing of the lawsuit in the St. Joseph Superior Court on March 6, 2025. Aff. at ¶5. Plaintiff John Doe continues to live in London, England and will do so until May, 2025, at which time John Doe will be moving to Colorado where he has a job over the summer. Aff. at ¶6. At the end of the summer, 2025, John Doe will attend the University of Notre Dame for his final year of studies over the 2025-2026 school year. Aff. at ¶7.

Prior to beginning studies at the University of Notre Dame in August 2022, John Doe lived with his parents in New Jersey. Aff. at ¶8. However, John Doe has not lived in New Jersey since August of 2022 and has not been in New Jersey since a visit in December 2023. Aff. at ¶9.

---

[1] These Facts are taken from John Doe's Affidavit (DE 11-1) with citations to paragraphs within that Affidavit as "Aff. at __."

John Doe does not have any intention of making New Jersey his home or returning to New Jersey after graduation from Notre Dame. Aff. at ¶10.

### For Purposes of Diversity Jurisdiction, John Doe is Stateless.

The party invoking diversity jurisdiction bears the burden of showing its existence. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010). When considering whether to remand a case that has been removed to federal court, "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum," with any doubt regarding jurisdiction resolved in favor of remand. *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

As the Seventh Circuit held in *Sadat v. Mertes,* 615 F.2d 1176, 1180 (7th Cir.1980), a person may not sue or be sued in a diversity case if he or she is a citizen of the United States, but not a citizen of a particular state. Such is the case here. *See, e.g., Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012) ("[A] United States citizen who establishes domicile in a foreign country is no longer a citizen of any State of the United States and destroys complete diversity under 28 U.S.C. § 1332.").

At this point in his life, John Doe is a "rolling stone." *Mader v. Motorola, Inc*., 221 F. 3d 1338 (Table), 2000 WL 1039320 *3 (7th Cir. 2000). In 2022, he left New Jersey for college with no plans to ever return. He is, at the time of removal, living and studying abroad.[2] While he has

---

[2] There is no dispute that John Doe is physically present in London and, at the time of removal, had the intention of London remaining his home until his semester studies are complete in May, 2025. See *Sadat v. Mertes*, at 1180. ("To establish a domicile of choice a person generally must be physically present at the location and intend to make that place his home for the time at least.") (Citation omitted.)

plans to return to the United States, he has no fixed domicile and likely will remain that way until after graduation from Notre Dame.[3]

Under the unique circumstances of this case, John Doe is currently stateless and cannot be sued in diversity. *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634-35 (7th Cir. 2021), cert. denied, 142 S. Ct. 776 (2022) ("stateless citizens—because they are not (by definition) a citizen of a state, as § 1332(a) requires—destroy complete diversity just as much as a defendant who shares citizenship with a plaintiff.").

Wherefore, John Doe objects to the removal of this case and requests that the matter be remanded to state court, and all other just and proper relief.

Respectfully submitted:

/s/ Charles P. Rice
Charles P. Rice (14640-71)
Murphy Rice, LLP
303 West First Street
Mishawaka, IN 46544
574-232-0300
574-232-0400 (fax)
crice@murphyrice.com

Attorney for Plaintiff

---

[3]"Courts have consistently recognized that out-of-state college students are temporary residents and not domiciliaries of the states in which they attend college...." *Hakkila v. Consolidated Edison Co. of New York, Inc.*, 745 F.Supp. 988, 990 (S.D.N.Y.1990).

## CERTIFICATE OF SERVICE

I certify the foregoing document was electronically filed on April 22, 2025, with the Clerk of the Court using CM/ECF system, which sent electronic notification of such filing to the following counsel of record:

Peter J. Agostino, Esq.
Stephanie L. Nemeth, Esq.
ANDERSON AGOSTINO & KELLER, P.C.
131 South Taylor Street
South Bend, IN 46601

/s/ Charles P. Rice
Charles P. Rice (14640-71)