UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN DOE,

        Plaintiff,

v.

NIKO TOMC,

        Defendant.

CAUSE NO. 3:25cv289 DRL-SJF

OPINION AND ORDER

On April 7, 2025, Niko Tomc removed this tort action from the St. Joseph Circuit Court on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. John Doe thereafter claimed to be stateless and objected to removal. Diversity exists, so the court retains subject matter jurisdiction, denies the request to remand, and also denies Mr. Doe's request to proceed anonymously.

The party seeking removal has the burden of establishing subject matter jurisdiction. *Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004). Removal is proper when the state claims could have been originally brought in federal court. 28 U.S.C. § 1441(a). With the requisite amount in controversy, a case requiring diversity between citizens, such as this one, means "citizens of different States." 28 U.S.C. § 1332(a)(1).

In a third shot at jurisdictional allegations, Mr. Tomc says he is a Florida citizen and Mr. Doe is a New Jersey citizen. By way of objection (and really a motion to remand), Mr. Doe leaves uncontested his last domicile in New Jersey and Mr. Tomc's current domicile in Florida. Mr. Doe tells the court that in 2022 he left New Jersey, where he previously lived with his parents, without intending to return. He studied in London, England this past spring, and he will spend summer 2025 working in Colorado before returning to Indiana for his final year in college. He claims he

falls into a "bizarre category of stateless people or American citizens abroad" because he a "rolling stone" without domicile in any state.

An adult's domicile "is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there," and it is not "synonymous with 'residence.'" *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *accord Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012). A minor's domicile often follows that of his parents; at birth, a child acquires a "domicile of origin" that "continues until a new one (a 'domicile of choice') is acquired." *Holyfield*, 490 U.S. at 48. A similar process of change applies to an adult—a domicile, once established, continues until a new one supersedes the old one. *Sadat v. Mertes*, 615 F.2d 1176, 1181 (7th Cir. 1980).

The person alleging a change in domicile bears the burden of proving it. *Mitchell v. United States*, 88 U.S. 350, 353 (1874); *Perez v. K&B Transp., Inc.*, 967 F.3d 651, 655 (7th Cir. 2020). Establishing a new domicile of choice requires a person to be physically present in the new locality and then intend to remain there as his home for a time. *Perez*, 967 F.3d at 655. Merely moving to a new place isn't enough, for "one can reside in one place but be domiciled in another." *Holyfield*, 490 U.S. at 48. When an American citizen becomes domiciled in a foreign country, this ends his state citizenship in any one U.S. state and destroys diversity jurisdiction. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828-29 (1989); *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012); *see, e.g., Sadat*, 615 F.2d at 1180-81 (person who moved to Egypt, owned a home with his possessions there, sent his children to school there, and acquired an Egyptian driver's license no longer maintained a state citizenship in the United States).

Mr. Doe doesn't argue that he has changed his domicile from New Jersey; instead, he says he has "no fixed domicile" and "likely will remain that way until after graduation." By his own

admission, he hasn't established a new domicile, so his original one (New Jersey) remains his domicile until he intends to make a new state or country his home. *See Sadat*, 615 F.2d at 1180. On this record, his temporary changes in location (past or planned)—from New Jersey to Indiana to England to Colorado to Indiana—are merely that, without any intention to establish a new domicile. More precisely, at the time of removal, and true too when he commenced suit, he had not altered his domicile from New Jersey to either Indiana or England. He was studying in college at Notre Dame, and for a short time studying abroad, with no intention to make either place his home. With no other evidence of a newly established domicile, *see Newell v. O & K Steel Corp.*, 42 F. Appx. 830, 833 (7th Cir. 2002) (listing factors), diversity of citizenship exists.[1]

The court thus turns to Mr. Doe's contested motion to proceed anonymously. Courts "have the discretion to permit pseudonymous litigation when the balance of harms justifies it." *Doe v. Young*, 2025 U.S. App. LEXIS 7339, 5 (7th Cir. Mar. 27, 2025). But "[t]he norm in federal litigation is that all parties' names are public." *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491 (7th Cir. 2024). "Judicial proceedings are open to the public, which has an interest in knowing the who and the how about the behavior of both judges and those who call on the large subsidy of the legal system." *Id.* Courts must engage in "the careful and demanding balancing of interests" in deciding whether to allow a plaintiff to proceed anonymously. *Id.* at 492.

Save narrow exceptions, such as youth, a substantial risk of harm, or retaliation, *see* Fed. R. Civ. P. 5.2(a)(3); *Young*, 2025 U.S. App. LEXIS 7339 at 5; *Doe 3 v. Elmbrook Sch. Dist.*, 658 F.3d

---

[1] *See also Burch v. Schafer*, 2012 U.S. Dist. LEXIS 141165, 1-3 (S.D. Ill. Oct. 1, 2012) (University of Missouri student from Kansas was a Kansas citizen despite no intention to return); *Sears, Roebuck & Co. v. Automotive Controls Corp.*, 1994 U.S. Dist. LEXIS 749, 3-4 (N.D. Ill. Jan. 25, 1994) (out-of-state college freshman still domiciled in Illinois where his parents lived); *Hakkila v. Consol. Edison Co.*, 745 F. Supp. 988, 990 (S.D.N.Y. 1990) (law "consistently recognize[s] that out-of-state college students are temporary residents and not domiciliaries of the states in which they attend college, because residence at college is chosen primarily for the short-term purpose of pursuing an education").

721-24 (7th Cir. 2011), "the complaint must name all the parties," Fed. R. Civ. P. 10(a). Only "exceptional circumstances" justify anonymizing an adult party. *E.A. v. Gardner*, 929 F.3d 922, 926 (7th Cir. 2019); *see also Doe v. Megless*, 654 F.3d 404, 408 (3rd Cir. 2011) (plaintiff must show reasonable fear of severe harm from disclosure). Mr. Doe isn't a minor, and he hasn't indicated that he "faces a substantial risk of harm from retaliation." *Young*, 2025 U.S. App. LEXIS 7339 at 6. Nor has he indicated he faces any physical harm. *Trs. of Ind. Univ.*, 101 F.4th at 493.

Instead, Mr. Doe essentially makes the argument that the court should protect his reputation because he was the victim of a sex crime. He says courts have extended anonymity to protect such victims. *See Doe v. Loyola Univ. Chi.*, 100 F.4th 910, 914 (7th Cir. 2024); *see also Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997) (noting that courts have shielded rape victims specifically by allowing them to proceed anonymously). But just because "this is how things have been done is not a justification for doing them that way" when evaluating whether to let a particular plaintiff in a particular case to proceed anonymously, and the court must evaluate the dynamics of this case. *Trs. of Ind. Univ.*, 101 F.4th at 492.

Mr. Doe argues that because Mr. Tomc has already pleaded guilty to voyeurism (a level 6 felony) and public voyeurism (a misdemeanor) in state court, the court may take judicial notice of a sex crime. Mr. Doe adds that requiring him to disclose his identity could potentially harm his reputation, particularly when he intends to pursue a career as a pastor.

Although disturbing and undoubtedly upsetting offenses, neither constitutes a sex crime in the harsher forcible or physical sense, nor a sex crime as Indiana seems to define the concept. Even a situation (cited by Mr. Doe) in which an inmate has been forced, contra his constitutional rights, to strip down to be subjected to improper fondling has proceeded with both parties named. *See Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012). There are other mechanisms

4

to shield from public disclosure those more victimizing pieces of evidence—for instance, a protective order related to any photographs.

Of course, this complaint alleges more than just peeping or surreptitious photography, but those subject to a moment of inappropriate touching or other sexual advancements, for instance in numerous sex discrimination cases, rarely receive the exceptional grace to proceed anonymously. *Trs. of Ind. Univ.*, 101 F.4th at 492. There is no cause for it here based on a single touching that allegedly occurred while Mr. Tomc climbed into his bunkbed. Mr. Doe expresses concern about reputation harm, but a plaintiff "may not proceed anonymously merely to avoid reputational damage or embarrassment." *Young*, 2025 U.S. App. LEXIS 7339 at 5; *see also Trs. of Ind. Univ.*, 101 F.4th at 492. Numerous individuals become employed in public-facing professions, including priests and pastors, without taking a reputational hit merely because they were former victims of crime. There is no indication that any photographs were distributed or are publicly available that might change this calculus.

The stakes are high for both men. Because the complaint alleges more than what Mr. Tomc's criminal case covered, because a plaintiff typically enjoys by law absolute immunity in pleading his allegations, and because the court already sees instances in which characterizations in argument after the pleading strike more as liberties (at least for now), all must recognize that nothing in this civil suit has been proven to date, and until then an unlevel playing field risks other reputational harm to the defendant while sheltering the plaintiff should the allegations of conduct or harm be shown unfounded. *See Trs. of Ind. Univ.*, 101 F.4th at 492; *see also Young*, 2025 U.S. App. LEXIS 7339 at 7. The court acknowledges the case's sensitive allegations, but embarrassment and "stigmatization from the community" can run both ways, and they aren't sufficient reasons to justify anonymity here. *Trs. of Ind. Univ.*, 101 F.4th at 492.

Mr. Doe has not offered a sufficient record of youth, substantial risks of harm, likely retaliation, or any other extraordinary circumstances to permit this case to proceed outside the strongly favored norm of public litigation between adults. Mr. Doe may choose to withdraw the suit and keep his name secret, or he may file an amended complaint that identifies his real name.

The court DENIES the motion to remand (presented as an objection to be overruled) [11], DENIES the motion to proceed anonymously [12], and ORDERS the plaintiff to file a motion to dismiss voluntarily (or stipulation) or alternatively an amended complaint that includes his real name by July 7, 2025. The case will be referred to the magistrate judge to address case scheduling and discovery in the event of an amended complaint.

SO ORDERED.

June 20, 2025                                       *s/ Damon R. Leichty*
                                                    Judge, United States District Court